# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **RODNEY ALLEN MITCHELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action No. 1:07-0625** |
| ) | |
| **GEORGE JANICE,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed Without Prepayment of Fees. (Document No. 2.) Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2.) be denied and this matter be dismissed.

## FACTUAL BACKGROUND

On October 5, 2007, Plaintiff, acting *pro se* and in confinement at Huttonsville Correctional Center in Huttonsville, West Virginia,[1] filed his Complaint pursuant to 42 U.S.C. §1983.[2] (Document No. 1.) Plaintiff names Warden George Janice and the West Virginia Department of

---

[1] On December 12, 2007, the Court received a letter from Plaintiff advising the Court of his release from custody and new address: Route 4, Box 560, Princeton, West Virginia 24740. (Document No. 5.) The West Virginia Division of Corrections' website, however, indicates that Petitioner is currently incarcerated at the Huttonsville Correctional Center.

[2] Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Corrections as Defendants.[3] (Document No. 1.) Plaintiff alleges that Defendants acted with deliberate indifference by failing to enforce the non-smoking policy within the jail, thereby exposing him to a "ridiculous amount" of environmental tobacco smoke. Plaintiff further appears to allege that he was transferred to Huttonsville Correctional Center in retaliation for his filing of grievances. Specifically, Plaintiff's Complaint states as follows:

> On 4/15/07, when I first went to a pod at Stevens Correctional Center, I was forced to inhale a ridiculous amount of cigarette smoke. Whether I was in the cell or the dayroom! I was told during orientation that the facility is a smoke free facility, unless your outside. The second-hand smoke I was forced to inhale daily was very, very detrimental to my health. There's no windows to open there and I was locked in the pod the majority of the time. There's no way to escape the cigarette smoke! Even some of the C.O.s smoke in the pod I was in. I've seen C.O.s catch inmates smoking and not write them up or say anything. It's sickening and outrageous the way the Stevens Correctional Center is operated. I was transferred on 8/31/07 back to Huttonsville Correctional Center because I was trying to have something done about all the smoking. I put a letter I wrote the commissioner on 9/4/07 telling him I've suddenly been moved back to Huttonsville Correctional Center, to send the G-3 I sent him about the smoking inside the Stevens Correctional Center to me. I didn't get a response about it from him! He sent me a copy of the letter I sent him, with a response about the first G-3 I sent him.

(Document No. 1, pp. 4 - 5.) Plaintiff seeks compensatory and punitive damages.

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim

---

[3] The undersigned notes that the West Virginia Department of Corrections is not a "person" as required by Section 1983.

lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.

### ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

**1.    Eighth Amendment Claim:**

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." As a general matter, punishments prohibited under the Eighth Amendment include those which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds*, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861,

60 L.Ed.2d 447 (1979). In Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), the Supreme Court held that an inmate "states a cause of action under the Eighth Amendment by alleging that ... [the prison officials] have, with deliberate indifference, exposed him to levels of ... [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future health." Therefore, a plaintiff must satisfy a two-part inquiry that involves an objective and subjective component.

First, an inmate must prove objectively that he has been "exposed to unreasonably high levels" of environmental tobacco smoke. Id. at 35 - 36, 113 S.Ct. at 2475. In considering the first factor, the Court must inquire into the seriousness of the potential harm and the likelihood that environmental tobacco smoke will actually cause such harm. Id. The evaluation "requires more than statistical inquiring into the seriousness of the potential harm." Id. The Court must assess "whether society considers the risk . . . to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Id. Relevant facts include whether the inmate remains housed in the environment, and whether the facility has enacted a formal smoking policy. Id.

Second, the inmate must show subjectively that prison authorities demonstrated a "deliberate indifference" to a risk of serious damage to his future health. Id. To establish the subjective component of deliberate indifference, an inmate must allege and prove each defendant's consciousness of the risk of harm to the inmate. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. In particular, an inmate must establish that the prison official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. The adoption of a smoking policy "will bear heavily on the inquiry into deliberate indifference." Id. Furthermore, the mere imperfect enforcement of a non-smoking policy does not rise to the level of deliberate indifference. Scott v. District of Columbia, 139 F.3d 940, 944 (D.C.Cir. 1998)(stating that "it is hard to see how imperfect

enforcement of a nonsmoking policy can, alone, satisfy *Hellings'* subjective element").

During Plaintiff's four and a half months of incarceration at Stevens Correctional Center, Plaintiff contends that he was exposed to "a ridiculous amount of cigarette smoke" whether he was in his cell or the dayroom. Plaintiff states that he was locked in his pod the majority of the time and "[t]here's no way to escape the cigarette smoke." Therefore, the undersigned will assume that Plaintiff was objectively "exposed to unreasonably high levels" of environmental tobacco smoke. See Helling, 509 U.S. at 35, 113 S.Ct. 2475(holding that bunking with a cellmate who smoked five packs of cigarettes per day exposed an inmate to an unreasonable risk of future harm). Respecting the second prong of the standard, it is clear that Plaintiff cannot establish that Defendants were deliberately indifferent to Plaintiff's exposure to environmental tobacco smoke. Although Plaintiff alleges that "some of the C.O.s smoke in the pods" and that "I've seen C.O.s catch inmates smoking and not write them up," the undersigned finds this to be insufficient to establish deliberate indifference. Based on a review of the grievances attached to Plaintiff's Complaint, prison officials have implemented a non-smoking policy and are attempting to enforce the policy with appropriate disciplinary sanctions. In response to Plaintiff's G-1, the Unit Manager states that "This is a smoke free facility and anyone caught smoking will be written up. If an officer is not upholding the rules, then they will be dealt with." (Document No. 1, p. 8.) Plaintiff appealed the Unit Manager's response to the Warden, who responded as follows: "Officers are enforcing this rule to the best of their ability. We are working on other solutions to the alleged problems." (Id., p. 9.) As stated above, the imperfect enforcement of a non-smoking policy does not rise to the level of deliberate indifference. See Scott, 139 F.3d at 944. Thus, the adoption and attempted enforcement of the non-smoking policy demonstrates that Defendants are not ignoring the possible dangers posed to inmates by exposure to environmental tobacco smoke. Plaintiff further acknowledges that he has been transferred from the institute that he considered to be smoke-filled and detrimental to his future

health.[4] Plaintiff therefore has failed to allege sufficient facts supporting his claim that Defendants have acted with deliberate indifference to a serious risk to his future health. Accordingly, the undersigned finds that Plaintiff's allegations cannot be construed to implicate a constitutional right for the violation of which relief can be granted under Section 1983.

**2.     Retaliation Claim:**

Prison officials may not retaliate against inmates for their exercise of a constitutional right. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied, 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1995); American Civil Liberties Union of Md, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993)(*citing* Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). "The First Amendment grants the rights to free speech and to seek redress of grievances. These rights, to a limited extent, exist in a prison setting." Gullett v. Wilt, 869 F.2d 593, 1989 WL 14614 ** 2 (4th Cir. (Md.) Feb. 21, 1989)(unpublished)(citing Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969)). The Fourth Circuit has held that an inmate's claims of retaliation must be treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996)(*en banc*)(citations omitted). To prevail upon a claim of retaliation, the inmate must specifically demonstrate that but for his protected conduct, he would not have been subject to the alleged retaliatory act. See Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1140 (4th Cir. 1990). Essentially, the inmate must first demonstrate that he engaged in protected conduct and second that his protected conduct motivated the retaliatory act.

To the extent that Plaintiff alleges retaliation in response his filing of administrative

---

[4] Plaintiff states that he has been transferred from Steven Correctional Center to Huttonsville Correctional Complex. Plaintiff does not allege that he is being exposed to environmental tobacco smoke at Huttonsville Correctional Complex.

remedies, the undersigned will find that he has satisfied the first part of the analysis. "The First Amendment grants the rights to free speech and to seek redress of grievances. These rights, to a limited extent, exist in a prison setting." Gullett v. Wilt, 869 F.2d 593, 1989 WL 14614 \*\* 2 (4th Cir. (Md.) Feb. 21, 1989)(unpublished)(citing Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969)). Plaintiff, however, has not demonstrated that his transfer from Steven Correctional Center to Huttonsville Correctional Complex was motivated in any manner by his filing of grievances concerning the amount of environmental tobacco smoke within Stevens Correctional Center. The showing of adversity is an essential element to any retaliation claim. See American Civil Liberties Union v. Wicomico County, 999 F.2d at 785. Plaintiff's bare assertions of retaliation do not establish a claim of constitutional magnitude.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees. (Document No. 2.), **DISMISS** Plaintiff's Complaint (Document No. 1.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

    The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

    ENTER: October 30, 2009.

R. Clarke VanDervort
United States Magistrate Judge